UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNIVERSITY LEGAL SERVICES, INC.,** *et al.*,<br><br>  Plaintiffs,<br><br>  v.<br><br>**ST. ELIZABETHS HOSPITAL,** *et al.*,<br><br>  Defendants. | Civil Action No. 05-585 (TFH/JMF) |

**ORDER**

This case was referred to me for all purposes. I am issuing this order in response to an e-mail that I recently received from plaintiffs' counsel and the Notice [#66] filed by defendants' counsel in response to that e-mail. Through its notice, the District of Columbia expressed its belief that plaintiffs' e-mail was an inappropriate communication in violation of this Court's Local Rule 5.1. The Court agrees. Local Rule 5.1 requires that "[a]ll papers relating to a pending action shall be filed with the Clerk unless otherwise directed by the court" and that "[e]xcept when requested by a judge, correspondence shall not be directed by the parties or their attorneys to a judge." L. Cv. R. 5.1(a)-(b).

I am, however, conscious of the fact that this case involves a dynamic situation and that circumstances are likely to arise at Saint Elizabeths Hospital (the "Hospital") that plaintiffs believe need to be immediately addressed. Therefore, I am issuing this order for the purpose of establishing an appropriate procedure for the parties to follow in the event that emergency

situations arise at the Hospital, as well as to ensure that there is a complete record with the Court as to all proceedings in this litigation.

    Accordingly, it is, hereby, **ORDERED** that

1. If an emergency situation arises at the Hospital that plaintiffs believe requires immediate corrective action, then plaintiffs' counsel shall notify opposing counsel by telephone, letter, or e-mail of their intent to seek relief from the Court regarding this emergency situation. Such notice shall describe with specificity the facts of the situation and the corrective action plaintiffs believe is required.

2. Defendants' counsel shall attempt to respond, by telephone, letter, or e-mail, to plaintiffs' notice within twenty-four hours of receipt to ascertain whether the matter can be resolved informally.

3. If the parties are not able to resolve the matter informally, then either party may file with the Court a request for emergency relief, in which the movant shall specify what emergency relief it is requesting and why such emergency relief is necessary.

4. The opposing party shall have three business days to file a written response to a request for emergency relief. If, however, a situation arises that a party believes is life threatening, that party may move to shorten the three day response time to one business day, but must specify why a shortened response time is required.

5. After a request for emergency relief and opposition to the same have been filed with the court (or the time for filing an opposition has expired), the court will initiate a joint telephone conference with plaintiffs' and defendants' counsel to

discuss the matter. Based on that conference, the court will decide how best to proceed.

**SO ORDERED.**

                                                                              _____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

Dated: